**FOUST et al. v. FRANKS et al.**

No. 1407.

Court of Civil Appeals of Texas. Eastland.

March 8, 1935.

Oxford & McMillan, of Stephenville, for appellants.

Geo. E. Smith, of Comanche, and Fred O. Jaye, of De Leon, for appellees.

FUNDERBURK, Justice.

C. G. Foust, owner and payee of a note for $7,000 dated July 8, 1927, payable in six annual installments with 8 per cent. interest, executed by Mrs. Lettie L. Lester, and secured by a materialman's lien on lot 10, block 29, in the town of De Leon, on October 14, 1927, transferred, by separate written instrument, a one-half interest in said note ($3,500) to B. J. Pittman, guardian of certain minors, in consideration of $3,585 (being $3,500, the face value of said one-half interest, plus $585 accrued interest) paid by said guardian out of moneys belonging to his wards. This transaction followed an order of the probate court in which the guardianship was pending, reading: "On this the 7th day of November * * * came on to be heard the application of B. J. Pittman, guardian in the above cause, asking for authority to invest the sum of $3500 now in his hands belonging to said minors in a first lien on the following described real estate, to-wit: Being Lot No. ten, Block Twenty Nine, City of De Leon, and being accompanied by an opinion of a responsible attorney as to the title to the said property; and it appearing that said property is of the reasonable value of ten thousand dollars, it is hereby adjudged, and ordered, and decreed that the said guardian be authorized to make said loan as applied for."

The transfer provided that the part of, or interest in, the note conveyed should be the last to be paid, and the part of the lien transferred to secure same should be superior to the lien retained by Foust. Foust prepared the transfer in pursuance of negotiations had between himself personally and the guardian, and transmitted such transfer with the $7,000 note and lien contract by mail to the guardian, who was at the time president of the Security State Bank of De Leon. The note was not then indorsed by Foust, but F. T. Daniel, the manager of a lumber yard belonging to Foust in De Leon, at the request of the guardian signed Foust's name on the back of the note before the money was paid. Proceeds of the sale of the one-half interest in the note were passed to the credit of Foust in the same bank, and were used in the lumber yard business. Foust did not expressly authorize Daniel to indorse the note for him, and, for several years thereafter, had no knowledge that he had done so. Foust collected all that was due him upon the note, and out of the moneys of Mrs. Lester furnished him for the purpose paid the interest on the guardian's part of the note, up to August 1, 1931. In December, 1931, Mrs. Lester, the maker of the note, died, and D. C. Dingus, was appointed administrator of her estate. Claim upon the note was presented by the guardian to said administrator for allowance, and was by him not allowed. Foust having denied liability, Mrs. R. B. Franks, successor to B. J. Pittman, as guardian, brought this suit against the said C. G. Foust and D. C. Dingus, administrator. Plaintiff's petition was in two counts, by which the liability of Foust was asserted in the alternative upon inconsistent grounds. The theory of the first count was that the guardian had loaned Foust $3,585 of his wards' money, and had taken as security therefor the transfer of one-half interest in the note secured by the materialman's lien. Foust was sought to be held liable on the ground of his having "received and having appropriated and used said funds belonging to said minors," by reason whereof he "became obligated for the payment thereof to said minors." In this count it was assumed that the probate court had authorized the loan.

In the second count, upon the assumption that the guardian had no authority to make the loan as it was made, the liability of Foust was asserted on the theory that he had no lawful right to the money, and was therefore chargeable as a trustee and liable for its repayment with interest.

Upon a nonjury trial the court gave plaintiffs judgment as follows: (1) Against Foust for $4,585.02, with interest from date at 8 per cent. per annum, and costs of suit incurred by reason of his having been a party; (2) establishing and foreclosing as against the administrator the materialman's lien in the sum of $4,168.20 of the amount adjudged against Foust; (3) against the administrator for costs of suit incurred by reason of his being a party. The judgment provided that it be certified to the probate court for enforcement of the lien in due course of administration.

Foust alone has appealed.

▮ Plaintiff's petition cannot properly be construed, we think, as alleging any cause of action against Foust based upon his liability as an indorser of the note. The alternative causes of action set forth in the two counts of the pleading are as already

stated above. The only references in the first count of the petition to the indorsement of the note by Foust are to the effect that, as security for the loan alleged to have been made by the guardian to Foust, the latter assigned and indorsed to Pittman, guardian, the interest in the note and "on or about November 15, 1927, the said Foust, by and through his duly authorized agent F. T. Daniel, indorsed said note and lien and delivered same to said Pittman, guardian, said Pittman at or about the time of indorsement and delivery of material lien note paid over to the said Foust of the funds of said named minors $3,583," etc. This states no cause of action on the indorsement additional to, or independently of, the cause of action for recovery of the indebtedness due upon the alleged loan, the liability to pay which was expressly predicated upon his having "received and appropriated and used said funds." The note was alleged to be security for such loan, but no facts were alleged to show plaintiff's right to judgment against Foust as indorser of the note—conceding he was an indorser—independently of his liability to pay the money alleged to have been loaned, and for which the note was merely collateral security.

In the second count, by which the liability of Foust was asserted as trustee, it was alleged that he evidenced his personal obligation to pay the borrowed money "simply by his indorsement in blank on said materialman's lien note," etc. The theory was that because he had not, instead of that course, executed his personal note, as provided in R. S. 1925, art. 4181, he was liable as a trustee, because he had converted the money belonging to the wards. Manifestly this did not support a judgment based upon his liability as an indorser of the note. If he was liable as trustee, he was not also liable to the plaintiffs as indorser. The existence of the cause of action thus certainly attempted to be alleged in the second count was, in legal effect, inconsistent with, and a denial of, liability on the indorsement.

■ There was no pleading to support a judgment against Foust upon the theory that the guardian, by paying $3,585 of his wards' money for a one-half interest in the Lester note, secured as it was by a materialman's lien, had thereby attempted to make an unauthorized investment of the funds. There was no allegation that the minors' estate owned the note and security, except, of course, the special and qualified ownership resulting from the pledge and transfer of the same as collateral security for a loan.

■ We think we are warranted in saying that the judgment does not rest upon the second count in plaintiffs' petition. Under neither the pleadings nor evidence could Foust be held liable as trustee of the funds, and also for 8 per cent. interest thereon. Neither could he be held so liable, and yet the plaintiffs be entitled to foreclose the materialman's lien, which the judgment did foreclose. We do not consider here whether an equitable lien could have been established and foreclosed no attempt having been made to do so.

■ The only remaining basis in the pleadings for the judgment rendered is the liability of Foust for the payment of borrowed money. The establishment of such indebtedness would carry the right, if authorized by the pleadings, to judgment on the collateral note against the estate of the maker thereof and to foreclosure of the materialman's lien. The amount realized from the collateral security which could be appropriated in the discharge of the debt for borrowed money as established by such judgment against Foust would not include interest at 8 per cent., but at most legal interest at 6 per cent. There was no pleading or proof that Foust independently of his liability, if any, as indorser of the note, contracted to pay interest. He would therefore not be liable for more than 6 per cent. The judgment as rendered did not run against the administrator of the estate of Mrs. Lester. There was no pleading, as already shown, to authorize judgment against Foust as indorser of the note, but the judgment does attempt to authorize application of the collateral to the payment of 8 per cent. interest on the judgment.

In addition to these faults in the judgment, there was no evidence to show that the guardian made a loan to Foust. The evidence shows conclusively, we think, that, instead of the guardian making a loan to Foust, the latter transferred to the guardian outright and unconditionally a one-half interest in the note with accrued interest thereon in consideration of the payment to him of $3,585. This was properly authorized by order of the probate court, provided the court had jurisdiction to make such order. The pleadings did not challenge the validity of the order, but, on the contrary, claimed the advantages thereof, and the judgment in foreclosing the lien awarded such advantages to the plaintiffs.

■ We think that undoubtedly R. S. 1925, arts. 4180, 4181, 4182, 4184, 4185, 4186, 4187,

4188, 4189, and 4190 make a distinction between an investment of funds and a loan of funds. If so, then it is clear that article 4190 has application only to loans and not to investments. Its purpose is not to grant authority to the probate court, but only a means whereby a guardian may to some extent secure immunity from personal liability in loaning funds for interest, which article 4180 authorizes him to do. Shaw v. Dalston (Tex. Civ. App.) 18 S.W.(2d) 215.

■ ■ Entirely different provisions control in making investments. Article 4180 authorizes investments to be made in bonds. Article 4181 authorizes investments to be made in vendor's lien notes. Article 4182 and subsequent articles authorize investments in real estate. The investments authorized by articles 4180 and 4181 require no orders of a probate court. Those articles constitute a grant of power direct to the guardian. Article 4182 and subsequent articles by their very terms constitute limitations not only upon the power of the guardian, but upon the probate court in making investments in real estate. Prior to the amendment in 1913 (Acts 1913, c. 151, p. 321), both loans and investments now authorized by articles 4180 and 4181 to be made by the guardian were required to be authorized by order of the probate court. See articles 4140 and 4141, R. S. 1911; articles 2639, 2640, R. S. 1895; and articles 2558 and 2559, R. S. 1879. If a guardian, in pursuance of the statutory duty prescribed in R. S. 1925, art. 4165, "to take care of and manage such estate as a prudent man would manage his own property," desires to make an investment of the funds of his ward as distinguished from a loan thereof, he can only invest in such securities as the statutes authorize, unless he be authorized by an order of the probate court to invest in other or different securities. The question here suggested is: Has the probate court jurisdiction to authorize investment in other or different securities? R. S. 1925, art. 3430, authorizes an executor or an administrator, when he deems it for the interest of the estate, among other things, to purchase property for the estate, or to exchange property of the estate for other property. Article 4108 makes the last-named provision applicable to guardianships. The authority, however, thus granted to purchase property for the estate or exchange of properties is subject to the condition that it be authorized by orders of the probate court made in pursuance to proper application. We have no doubt that these statutory provisions are sufficient to authorize a guardian upon proper order of the probate court in which the guardianship is pending to purchase as an investment for his wards' estate a note like the one in this suit, secured by a materialman's lien as this note was secured. It would manifest a strange defect in the law if a guardian was without power, and the probate court was without power, to authorize an investment so safe and secure as the probate order in the instant suit shows that the note and lien were in this case, viewed at the time the order was made. The purchase or exchange of lands is controlled by special provisions necessarily constituting a limitation on the general authority given in said article 3430.

A large part of the briefs deal with questions concerning the indorsement of the note by Foust. Since, as we have held, no cause of action was alleged against Foust upon liability as an indorser of the note, it is really unnecessary that we pass upon such questions. In view of another trial, however, it may not be amiss to say that, in our opinion, there was no evidence to show that Daniel had any authority, express or implied, to sign Foust's name as indorser to the note. Whether, as contended by appellee, the effect of R. S. 1925, art. 5934, § 49, had the effect of rendering Foust liable as indorser, even though the note was not in fact indorsed by him or by his authority, presents a question of too much importance to be decided in a case where it is not properly presented for determination. We therefore do not deem it advisable to pass upon that question.

For the reasons discussed, it is our opinion that the judgment of the court below should be reversed and the cause remanded, which is accordingly so ordered.